**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                     No. 97-4242

JULEEN BROWN, a/k/a Carol Baxter,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-96-108)

Submitted: January 27, 1998

Decided: February 19, 1998

Before WIDENER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John A. Gibney, Jr., S. Jane Chittom, SHUFORD, RUBIN & GIB-
NEY, P.C., Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Stephen W. Miller, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Juleen Brown appeals her jury conviction on one count each of conspiracy to distribute crack cocaine, distribution of crack cocaine, and aiding or inducing the distribution of crack cocaine, in violation of 21 U.S.C.A. §§ 841, 846 (West 1994 & Supp. 1997), 18 U.S.C.A. § 2 (West 1969). Brown received a two-level enhancement as a manager or supervisor of a drug distribution operation, and was sentenced to 292 months imprisonment. On appeal, she raises four challenges: (1) the district court's denial of her motion to dismiss count one of the indictment; (2) sufficiency of the evidence to support the conspiracy charge; (3) sufficiency of the evidence to sentence Brown as a manager/supervisor of the conspiracy; and (4) the district court's denial of her motion for a pre-sentence mental evaluation. For the reasons set forth below, we affirm Brown's conviction and sentence.

Brown first challenges the district court's denial of her motion to dismiss count one, the conspiracy charge. Count one charged that

> beginning in or about 1994, the exact date being unknown, and continuing until September 9, 1996, in the Eastern District of Virginia, and elsewhere, . . . JULEEN BROWN. . . and ISIAH JONES did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree, together and with others . . . to distribute and to possess with the intent to distribute [crack cocaine].

(J.A at 20.) Brown moved for a bill of particulars asking for the place and time the conspiracy was formed, the date of her alleged entry into the conspiracy, and the names of other co-conspirators. The trial court granted in part and denied in part the bill of particulars. The Government provided responses to Brown's bill of particulars, as ordered by the court. On appeal, Brown claims that the particulars supplied by

2

the Government under court order did not remedy the deficiencies of the indictment, and were insufficient to allow her to prepare her defense.

To the extent Brown challenges count one of the indictment itself, we find it to be facially adequate and sufficient. See Fed. R. Crim. P. 7(c)(1); Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990). To the extent her challenge is to the sufficiency of the bill of particulars, we find that her claim is without merit. Brown was notified of the identities of the co-conspirators known to the Government and who testified against her at trial. In addition, drug distribution transactions in which Brown engaged with Clive Tomlinson were charged as substantive offenses in the indictment, and she was provided with access to tape recordings of her discussions with Tomlinson and Agent Edwardo Alford regarding the distribution of large quantities of crack. Brown was provided information via the bill of particulars regarding the number of trips alleged to have been taken to the United States from Jamaica by one of the co-conspirators, together with the approximate dates of the trips. She was notified of the approximate range of quantities involved in the distributions alleged to have taken place in Richmond, Virginia, the general time range of those distributions, and the fact that there were a limited number of trips. As the witnesses themselves had no better recollection of the specifics, the United States could not provide more specifics to Brown. In addition, the Government provided Brown with records regarding her trips to the United States, which records narrowed the timing of the acts in Richmond to a few possible dates. We find this information sufficient to have enabled Brown to prepare her defense, and affirm the district court's denial of Brown's motion to dismiss count one of the indictment.

Brown next claims that the evidence was insufficient to convict her of conspiracy. In evaluating the sufficiency of the evidence supporting a criminal conviction on direct review, "the verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the Government to support it." See Glasser v. United States, 315 U.S. 60, 80 (1942). This Court considers circumstantial and direct evidence, and allows the Government the benefit of all reasonable inferences from the facts proven to those sought to be established. See United States v. Burgos, 94 F.3d 849, 858 (4th Cir.

3

1996) (en banc), <u>cert. denied</u>, 117 S. Ct. 1087 (1997); <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving issues of substantial evidence, this Court does not weigh evidence or review witness credibility. <u>See United States v. Arrington</u>, 719 F.2d 701, 704 (4th Cir. 1983). Circumstantial evidence need not exclude every reasonable hypothesis of innocence. <u>See United States v. Jackson</u>, 863 F.2d 1168, 1173 (4th Cir. 1989). Even the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction, <u>see United States v. Burns</u>, 990 F.2d 1426, 1439 (4th Cir. 1993), and it is the role of the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence, <u>see United States v. Manbeck</u>, 744 F.2d 360, 392 (4th Cir. 1984). This Court may reverse a jury verdict only when there is not "substantial evidence, viewed in the light most favorable to the Government, to uphold it." <u>Burks v. United States</u>, 437 U.S. 1, 17 (1978).

The trial evidence fully supports Brown's conviction. Eileen McCarthy testified that she and other females transported small "eggs" of cocaine intra-vaginally from Jamaica to New York, and that Brown delivered cocaine to McCarthy and other females in Jamaica, for transportation to New York to a man known as "tall man," who McCarthy believed was Brown's brother. She testified that she received $1000 per trip. In tape recordings played at trial, Brown described a very similar transportation system for Richmond-bound cocaine during her August 21, 1996, conversation with Agent Alford. She explained that she had individuals transporting cocaine for her, and that they could only transport 1/4 kilogram at a time.

Isiah Jones, another of Brown's co-conspirators, testified that Brown asked him in Richmond if he knew any females who could transport cocaine from Jamaica to the United States for $1000. Also, the packages of cocaine that Jones saw Brown bring to Richmond were similar in size and shape as those McCarthy described she brought into the United States from Jamaica for Brown. In addition, the period of time of activity described by McCarthy and Jones were consistent with a single operation involving Brown.*

_____

*Brown claims on appeal that McCarthy's testimony is incredible due to her former use of cocaine, heroin, and alcohol, and that she was testi-

4

Federal Bureau of Investigation agent David Hulser testified regarding the search of Clive Tomlinson's residence on September 9, 1996. Brown had stayed at that residence the night before she delivered a kilogram of freshly cooked crack cocaine to Agent Alford on the day of the search. Agent Hulser recovered from the residence various airplane and bus tickets which supported the inference that Brown was in Jamaica, went to New York to obtain cocaine transported there by individuals like McCarthy, and then transported it to Richmond for distribution to Agent Alford. While circumstantial, we find that this evidence is sufficient for the jury to have found that McCarthy was describing the same ongoing conspiracy charged in count one of the indictment. See Burgos, 94 F.3d at 858.

Moreover, Jones also testified that Brown had been supplying Tomlinson with crack at least since December 1995. Agent Alford testified that Tomlinson told him that Brown was his primary supplier, and the only supplier who could provide significant quantities of crack cocaine. There was evidence at trial that Tomlinson was a significant participant with Brown in the transactions and negotiations with Agent Alford. Specifically, Tomlinson was present at each meeting in Virginia, participated in a 1/2 kilogram distribution on August 2, 1996, assisted in cooking one kilogram of crack delivered to Agent Alford on September 9, 1996, and accompanied Brown to the undercover office of Agent Alford on that date. Given the trial testimony and evidence, and construing that evidence in the light most favorable to the Government, we find that the evidence was sufficient for a reasonable jury to have found Brown guilty of conspiracy to distribute crack cocaine, as alleged in count one of the indictment. See Glasser, 315 U.S. at 80.

Brown's third claim on appeal is that the district court erred in finding that she was a manager or supervisor in the crack distribution operation and in increasing her base offense level an additional two

_____

fying as part of a plea agreement. These facts were brought out on cross-examination, and the jury apparently determined that McCarthy was credible, despite these facts. This court will not review this credibility determination. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc), cert. denied, 117 S. Ct. 1087 (1997).

5

levels. See U.S. Sentencing Guidelines Manual § 3B1.1 (1995). The trial court's determination that Brown was a manager or supervisor in the drug operation is a factual determination subject to review only for clear error. See United States v. Daughtrey , 874 F.2d 213, 217-18 (4th Cir. 1989). We find that evidence at trial, including Brown's conversations with Agent Alford in which she adopted a supervisory role in the drug operation, as well as her attempts to recruit additional females to transport the cocaine from Jamaica to the United States, was sufficient to support the trial court's finding that a two-level enhancement was appropriate.

Finally, Brown claims that the trial judge erred in denying her motion for a pre-sentence mental evaluation. The bases of her motion are: (1) she denied criminal responsibility for distribution of cocaine despite having seen, at trial, videotapes of drug transactions between herself and Agent Alford; and (2) her claim that she was mentally incapable of being a manager or supervisor in the drug operation. The district court's denial of Brown's motion for psychiatric examination is subject to review for abuse of discretion. See United States v. West, 877 F.2d 281, 285 n.1 (4th Cir. 1989).

The record reveals that the district court had evidence demonstrating that Brown was mentally competent, including the facts of her involvement with a long-term, large-scale crack cocaine distribution network, her understanding of and direction to the female couriers to hide the drugs inside their body cavities and to have only one courier at a time travel from Jamaica to the United States in the event that one was stopped. In addition, the district judge had opportunities to observe and hear Brown during the numerous recorded meetings in which she discussed plans for a long-term arrangement for the distribution of large quantities of crack cocaine. Moreover, Brown put on evidence that her frequent trips between Jamaica and the United States were required for her ownership and operation of an import business, in which she negotiated for the acquisition of merchandise in the United States which she then transported to Jamaica for resale. Other than Brown's counsel's feeling that Brown's refusal to admit the obvious must be indicative of mental defect, there is no evidence in this case to support Brown's contention that she had any problem being able to understand the nature and consequences of the proceedings against her, or in assisting in her defense. Under these circum-

stances, we cannot say that the district judge abused his discretion in denying Brown's pre-sentence motion for psychiatric examination.

Accordingly, we affirm Brown's conviction and sentence. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7